UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MICHAEL GILLIARD

      Plaintiff,

v.                                        Case No. 8:25-cv-02562-JLB-NHA

MICHAEL BROOKS, et al.

      Defendants.
_____/

**ORDER**

Plaintiff William Michael Gilliard moves for an entry of Clerk's default against three corporate defendants: "Gelt Funding LLP Florida Document No. LLP020001882," (a dissolved partnership, hereafter "Gelt (Dissolved)") "Gelt Funding LLP Florida Document No. GP0200001351," (an active partnership, hereafter "Gelt (Active)") and "ERMR Ventures LLC" (a dissolved LLC). Docs. 47, 48, 52. I deny each motion without prejudice.

**I.    Background**

Plaintiff, proceeding pro se, sues numerous individuals and entities for allegedly interfering with his ownership rights to a specific property in Zolfo Springs, Florida. Amended Compl., Doc. 40. Two of the corporate entities Plaintiff sues are versions of the same entity, Gelt Funding LLP. Plaintiff alleges that Gelt (Active) and Gelt (Dissolved) are each separately liable for

distinct acts at different times. *Id.*, pp. 16-17. Separately, Plaintiff sues ERMR Ventures LLC, a Florida LLC that was administratively dissolved in 2017. *Id.*, p. 18.

Plaintiff initially filed this action on September 22, 2025. Doc. 1. After Plaintiff filed his amended complaint on December 11, 2025, the Court ordered that Plaintiff serve all Defendants no later than January 15, 2026. Doc. 42.

On November 20, 2025, Plaintiff filed a putative proof of service on Gelt (Dissolved), alleging that the inactive partnership had been served via substitute service on the Florida Secretary of State. Doc. 32. The same day, Plaintiff filed an alleged proof of service on ERMR Ventures, also claiming to have served that dissolved LLC via substitute service on the Florida Secretary of State. Doc. 33. On December 29, 2025, Plaintiff filed a putative proof of service on Gelt (Active). Doc. 45. This proof of service also claimed to have served the defendant via substitute service on the Florida Secretary of State, and stated that the registered agent of Gelt (Active) could not be served with reasonable diligence. *Id.*

When none of the three defendants responded or otherwise appeared in the action, Plaintiff moved for entry of Clerk's default against each of them. Docs. 47, 48, 52.

2

## II. Legal Authority

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, unincorporated associations, and limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

A corporate defendant may also be served by following the law of the state in which the district court is located or in which service is affected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

3

### III. Analysis

Plaintiff's motions for Clerk's default against Gelt (Revoked) (Doc. 48) and against ERMR Ventures (Doc. 49) must be denied, because Plaintiff has not shown that it attempted to serve their agents. Plaintiff's motion for Clerk's default against Gelt (Active) (Doc. 52) must be denied, because he has not shown that service on this entity via the Secretary of State was lawful.

<u>Gelt (Revoked) and ERMR Ventures</u>

Plaintiff's motions regarding Gelt (Revoked) and ERMR Ventures allege that the entities were served on October 21, 2025, that they failed to respond within twenty-one days, and that Plaintiff is thus entitled to entry of a Clerk's default against them. Docs. 47, 48. Both motions reference proofs of service filed on November 20, 2025. *Id.* Both of those proofs of service allege that the entities were served in accordance with Florida Statute 48.161 and include copies of letters from the Florida Secretary of State stating that the Secretary accepted substitute service of process for the entities on November 5. Docs. 32, 33. Neither the motions nor the proofs of service describe any attempt to serve the entities before affecting substitute service via the Secretary, nor do they cite authority permitting service via the Secretary absent prior attempts at service.

Sections 48.061 and 48.062 of the Florida Statutes generally govern service of process on LLCs and partnerships in Florida. Each statute requires

a plaintiff to attempt to serve such entities through a hierarchy of persons who may accept service on an LLC's or limited partnership's behalf, starting with the entity's registered agent. *See* Fla. Stat. §§ 48.061(3)(a), 48.062(3). Each statute allows for alternative service on the Secretary of State, under the procedures outlined in Section 48.161, only after service was attempted under each statute's procedures and could not be completed with due diligence. *See* Fla. Stat. §§ 48.061(3)(b), 48.062(4)(b).[1]

Under Florida law, statutes authorizing substitute service of process, such as the law allowing for service on the Secretary of State, must be strictly followed. *See InClaim, LLC v. Structural Wrap, LLC*, 413 So. 3d 251, 255 (Fla. 3d DCA 2025) ("Fundamental notions of due process require strict compliance with statutes authorizing substituted or constructive service in order to confer jurisdiction.")

An entity's dissolved status does not change the requirements for serving the entity. Under Florida Statutes section 48.062, "Process against any dissolved domestic limited partnership must be served in accordance with s. 48.061." Fla. Stat. § 48.101(4). Similarly, the law provides: "Process against any dissolved domestic limited liability company must be served in accordance with s. 48.062." Fla. Stat. § 48.101(3)(b). Likewise, the registered agent of a

---

[1] Each statute also allows for substitute service on the Secretary of State when permitted by court order, which permission was not requested here. *Id.*

limited partnership or an LLC does not lose its authority to accept service on behalf of the entity when the entity is dissolved. *See* Fla. Stat. § 620.1809(5) ("The administrative dissolution of a limited partnership does not terminate the authority of its agent for service of process."); Fla. Stat. § 605.0717(1)(d) ("Dissolution of a limited liability company does not . . . terminate the authority of the registered agent of the limited liability company.")

Here, although both Gelt (Revoked) and ERMR Ventures appear to be dissolved, Plaintiff was required follow the service procedures outlined in Sections 48.061 and 48.062, by first attempting to serve the entities' registered agents. Plaintiff has not provided any indication that he did so prior to attempting substitute service on the Secretary of State. Because he has not shown that he lawfully served Gelt (Dissolved) or ERMR Ventures, Plaintiff's motions for entry of Clerk's default against them (Docs. 47, 48) are denied without prejudice.

Gelt (Active)

Plaintiff's motion regarding Gelt (Active) alleges that the entity was served via the Secretary of State on November 21, 2025, that the entity failed to respond within twenty-one days, and that Plaintiff is thus entitled to an entry of a Clerk's default against it. Doc. 52. The motion asserts that substitute service via the Secretary was justified by Florida Statutes 48.082(6) and 48.161, and refers to a proof of service filed on December 29, 2025. *Id.* That

6

proof of service also references Sections 48.082(6) and 48.161, and further asserts: "Service [via the Secretary of State] was affected after the registered agent of the record, David Malcolm, could not be served with reasonable diligence at the address listed with the State of Florida." Doc. 45. The filing includes a copy of a letter from the Florida Secretary of State stating that the Secretary accepted substitute service of process for the entity on December 11, 2025. *Id.*

This would be sufficient if Gelt (Active) were an LLP. Critically, however, although Gelt (Active) is called "Gelt Funding, LLP," records of the Florida Secretary of State show that the entity is in fact a *general* partnership.[2]

Florida Statute 48.061 governs service of process on general partnerships. The statute states that a general partnership can be served via personal service on any partner, or on the partnership's agent (if the partnership designated an agent when registering with the state). Fla. Stat. § 48.061(1). It further specifies that, after one attempt is made to serve a

---

[2] *See* https://dos.sunbiz.org/scripts/gendet.exe?action=DETGENINAME&web_dir=%20&web_key_number=GP0200001351&web_key_seq=0000&web_return_number=GP0500001411&web_return_seq=0000. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

7

partner, designated employee, or agent, process may be served on a person in charge of the partnership during regular business hours. *Id.*

Plaintiff asserts that he unsuccessfully attempted to serve the registered agent as required under Section 48.061. But he cites the same statute to suggest that, when that attempt failed, Plaintiff was authorized to serve Gelt (Active) via the Secretary of State. But, while Section 48.061 specifies circumstances in which *limited* partnerships and *limited liability* partnerships can be served via substitute process on the Secretary of State (*see* Fla. Stat. §§ 48.061(2)(b), (3)(b)), it does not do so for *general* partnerships. Thus, the statute Plaintiff cites does not authorize Plaintiff's method of service on Gelt (Active).

And, to the extent Plaintiff cites Florida Statute § 48.062(6) to support its proof of service on Gelt (Active), that subsection allows for substitute service of process on "a foreign limited liability company engaging in business in this state." As stated above, Gelt (Active) is neither a foreign entity, nor a limited liability company, but a general partnership, registered in Florida. Section 48.062(6), therefore, does not apply.

The Court further notes that Plaintiff does not cite or attempt to provide a showing under section 48.102, for permission to make substitute service in this case. Florida's general "service by other means" statute provides that, "[i]f, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a . . . general partnership," the party may, "upon

motion and a showing of such inability," seek permission from the Court to serve the general partnership through "any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit." Fla. Stat. § 48.102. Such service could include substitute service on the general partnership via the Secretary of State. *See* TRAWICK'S FLA. PRAC. & PROC. § 10:11 (2026 ed.) (citing Fla. Stat. § 48.102 as a basis for serving a general partnership via the Secretary of State).

Because Gelt (Active) is a *general* partnership, service on Gelt (Active) via the Secretary of State would only be sufficient if Plaintiff had first made a prior showing sufficient to receive authorization from the Court to serve Defendant in this manner. Because Plaintiff has not demonstrated that its service of Gelt (Active) complied with federal or state service requirements, his motion for entry of Clerk's default against Gelt (Active) is denied without prejudice.

## IV. Conclusion

Each of Plaintiff's motions for Clerk's default must be denied because he has not shown that any of the entities was lawfully served. Because Plaintiff is proceeding *pro se* and has shown good-faith attempts to serve the entities before the Court's extended deadline, the motions are denied without

prejudice. Additionally, the deadline to serve these entities is extended from January 15 to February 1, 2026.

Accordingly:

1. Plaintiff's motion for entry of Clerk's default against "Gelt Funding LLP Florida Document No. LLP020001882," (Doc. 47) is denied without prejudice;

2. Plaintiff's motion for entry of Clerk's default against "ERMR Ventures LLC" (Doc. 48) is denied without prejudice;

3. Plaintiff's motion for entry of Clerk's default against "Gelt Funding LLP Florida Document No. GP0200001351," (Doc. 52) is denied without prejudice;

4. Plaintiff shall have until February 1, 2026, to properly serve each Defendant;

5. Any renewed motion for Clerk's defaults against these Defendants shall be filed on or before March 1, 2026.

ORDERED on January 18, 2026.



NATALIE HIRT ADAMS
United States Magistrate Judge