UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MICHAEL GILLIARD,

Plaintiff,

v. Case No. 8:25-cv-02562-JLB-NHA

MICHAEL BROOKS, et al.,

Defendants.
_______________________________________/

**ORDER**

Plaintiff moves for order authorizing alternative service on Defendants "Gelt Funding LLP Florida Document No. GP0200001351," (a general partnership, hereinafter "Gelt Funding") and ERMR Ventures LLC (a dissolved LLC) and for an extension of time to serve both Defendants. Docs. 98, 99. I grant the motion as to ERMR Ventures (Doc. 99), and grant in part and deny in part the motion as to Gelt Funding (Doc. 98).

**Background**

Plaintiff initially sought an entry of Clerk's default as to Gelt Funding and ERMR Ventures, claiming to have served them via substitute service on the Florida Secretary of State. Docs. 48, 52. The Court denied those motions, holding that the Defendants had not been properly served because Plaintiff

had failed to first attempt service on a registered agent, and had not sought advance authorization from the Court for alternative service. Doc. 54.

Plaintiff then moved for permission to effect service by alternative means on Gelt and ERMR Ventures, stating that he had attempted service entities' registered agents. Docs. 81, 82. The motions were rendered moot by the order dismissing the Amended Complaint. Doc. 87.

Plaintiff has since filed a Second Amended Complaint (Doc. 88) and now brings the Renewed Motions for Extension of Time and for Leave to Effectuate Alternative Service on Defendant Gelt Funding, LLP and Defendant ERMR Ventures LLC. Docs. 98, 99.

**Gelt Funding, LLP**

Plaintiff's motion as to Gelt Funding seeks authorization to serve Gelt Funding by serving the Florida Secretary of State pursuant to Florida Statutes Section 48.161, and via certified U.S. mail pursuant to Florida Statutes Section 48.102. Doc. 98. Plaintiff also seeks an extension of time to effect service. *Id.*

Gelt Funding is an active Florida general partnership.[1] Section 48.061 of the Florida Statutes, governing service of process on general partnerships,

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

requires plaintiffs to first attempt service on a partner or a registered agent for the partnership. Fla. Stat. 48.061(1). "After one attempt to serve a partner or designated employee or agent for service of process has been made, process may be served on a person in charge of the partnership during regular business hours." Fla. Stat. § 48.061(1)(a)(2).

Florida's general "service by other means" statute provides that, "[i]f, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a . . . general partnership," the party may, "upon motion and a showing of such inability," seek permission from the Court to serve the general partnership through "any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit." Fla. Stat. § 48.102. Such service could include substitute service on the general partnership via the Secretary of State. *See* TRAWICK'S FLA. PRAC. & PROC. § 10:11 (2026 ed.) (citing Fla. Stat. § 48.102 as a basis for serving a general partnership via the Secretary of State).

Here, the registered agent, Malcom David,[2] is also a partner. Plaintiff attempted service five times on Mr. David at 108 Water Oak Lane, Altamonte

Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

[2] Although the Florida Department of State, Division of Corporations website lists the registered agent as "David Malcolm" a review of the

Springs, FL 32714. Doc. 98 p. 9. However, the Florida Department of State, Division of Corporations website lists Mr. David's website as 215 N. Westmonte Drive, Altamonte Springs, FL 32714.[3] Plaintiff has not shown that he has attempted to serve Mr. David at the Westmonte Drive address. The Court thus cannot conclude that Plaintiff has properly attempted service on Gelt Funding's registered agent.

Additionally, should Plaintiff unsuccessfully attempt service at the Westmonte Drive address, he would need to attempt service on "a person in charge of the partnership during regular business hours" before resorting to alternative service. Fla. Stat. § 48.061(1)(a)(2). Here, Gelt Funding's principal address is 201 Park Place, Suite 205, Altamonte Springs Florida. Plaintiff could thus satisfy the second half of section 48.061(1)(a)(2)'s requirement by attempting to serve a person in charge at the 201 Park Place address, but Plaintiff has not alleged that he attempted service at that address. If the attempt at the principal address is also unsuccessful, Plaintiff may then seek alternative service.

---

registration paperwork reveals that the registered agent's name is Malcolm David.

[3] The Court acknowledges that the registration paperwork found on sunbiz.org lists Gelt Funding's registered agent's address as 108 Water Oak Lane, Altamonte Springs, FL 32714. However, on the webpage itself, the registered agent's address is listed as 215 N. Westmonte Drive, Altamonte Springs, FL 32714. That is also the address listed on the summons issued.

For these reasons, Plaintiff's request to use alternative methods to serve Gelt Funding is denied without prejudice. However, the motion is granted as to Plaintiff's request for an extension of time. Plaintiff is granted an additional thirty days from the entry of this order to properly serve Gelt Funding. If the service efforts described above are unsuccessful, Plaintiff may renew the motion before the expiration of the thirty-day period.

**ERMR Ventures**

Plaintiff seeks authorization to serve ERMR Ventures by serving the Florida Secretary of State pursuant to Florida Statutes Section 48.161. Doc. 99. Plaintiff also requests to serve ERMR Ventures via certified U.S. mail pursuant to Florida Statutes Section 48.102, and for an extension of time to effect alternative service. *Id.*

ERMR Ventures is a Florida LLC that administratively dissolved on September 24, 2021. Section 48.062 of the Florida Statutes governs service of process on dissolved domestic LLC's. *See* Fla. Stat. § 48.101(3)(a) ("Process against any dissolved domestic limited liability company must be served in accordance with s. 48.062."). Under section 48.062, a plaintiff must first attempt to serve an LLC by serving its registered agent. Fla. Stat. § 48.062(2). The registered agent of an LLC does not lose its authority to accept service behalf of the entity when the entity dissolves. *See* Fla. Stat. § 605.0717(1)(d)

("Dissolution of a limited liability company does not . . . terminate the authority of the registered agent of the limited liability company.")

If a plaintiff tries and fails to serve an LLC's registered agent, and the only person listed publicly by the LLC on its latest annual report is also the registered agent on whom service was unsuccessfully attempted, the LLC may be served on the Secretary of State as an agent of the LLC. Fla. Stat. § 48.062(4).

Here, the registered agent, Trevor L. Rose, has a registered address of 13302 Winding Oak Court, A, Tampa, Florida 33612. Plaintiff's return of non-service on ERMR Ventures shows that a process server attempted to serve Mr. Rose at that address, but did not find him there, and discovered that an unrelated company now occupies the building. Doc. 99 p. 10. ERMR Venture's latest annual report, which was filed on March 18, 2020, only lists Trevor Rose, therefore satisfying the Section 48.062(4)(a) requirement that the only person publicly listed is also the registered agent on whom service was attempted before being allowed to proceed to alternative service. Therefore, Plaintiff need not attempt service on any additional individuals before proceeding to effectuate alternative service via the Secretary of State.

Accordingly, Plaintiff may serve ERMR Ventures via the Secretary of State, pursuant to the procedures outlined in Fla. Stat. § 48.161.

## Conclusion

Plaintiff's motion to authorize alternative service on Gelt Funding (Doc. 98) is denied without prejudice. However, Plaintiff is granted a 30-day extension to serve Gelt Funding, or to renew his motion for alternative service on Gelt Funding.

Plaintiff's motion to serve ERMR Ventures via service on the Florida Secretary of State is granted to the extent that Plaintiff may serve ERMR Ventures via the Florida Secretary of State.[4] Plaintiff shall file proof of service in accordance with Fla. Stat. § 48.161 within 30 days of this order.

ORDERED on July 27, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge

[4] Plaintiff also seeks authorization to serve ERMR Ventures by certified mail pursuant to Section 48.102 of the Florida Statutes. Section 48.102 of the Florida Statutes states that "the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit." Here, Plaintiff requests to serve ERMR Services via U.S. mail at its one-time mailing address, 16648 Bobcat Ct., Fort Myers, Florida 33908. But Plaintiff's motion states that Mr. Rose, ERMR Ventures' registered agent, once lived at the Bobcat Ct. address, but has long since moved. Doc. 99 p. 9. Therefore, service via U.S. mail at the Bobcat address would not satisfy the Section 48.102 requirement that Plaintiff show his requested method will be reasonably effective to give actual notice of the suit.